UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-0277 JGB (SPx)** | Date | March 15, 2018 |
| Title | *Franklin Woods v. The Hertz Corporation, et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present     None Present

**Proceedings:**     **Order (1) DENYING Plaintiff's Motion to Remand to Riverside County Superior Court (Dkt. No. 11); and (2) VACATING the Hearing Set for March 19, 2018 (IN CHAMBERS)**

On February 19, 2018, Plaintiff Franklin Woods ("Plaintiff") filed a Motion to Remand to Riverside County Superior Court. ("Motion," Dkt. No. 11.) Defendants The Hertz Corporation, Hertz Global Holdings, Inc., and Hertz Transporting, Inc. (collectively, "Defendants") filed an opposition on February 26, 2018. ("Opposition," Dkt. No. 12.) Plaintiff filed a reply on March 5, 2018 ("Reply," Dkt. No. 14.) The Court considers this matter appropriate for resolution without a hearing. See F. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of and in opposition to this Motion, the Court DENIES Plaintiff's Motion and VACATES the hearing set for March 19, 2018.

## I. BACKGROUND

On April 28, 2017, Plaintiff filed a complaint ("Complaint," Dkt. No. 1-2) against Defendants alleging six causes of action: (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination (FEHA); (3) harassment in violation of FEHA; (4) failure to prevent harassment (FEHA); (5) retaliation in violation of FEHA; (6) wrongful demotion/construction discharge/termination in violation of public policy. (Complaint ¶¶ 13–39.) The factual allegations which form the basis of the asserted claims are vague and reproduced below in their entirety:

> Defendants discriminated/harassed/retaliated against its employee, Plaintiff, on the bases of his race; ancestry; color; engagement in protected activity; association

with a member of protected class; national origin; veteran status; and in retaliation for Plaintiffs opposition to harassment/discrimination/retaliation in violation of the [FEHA].

Defendants discriminated/harassed/retaliated against Plaintiff through a hostile work environment, verbal harassment, racial slurs, exclusion, demotion, removal from work schedule reduction of hours, reduction of pay, failure to promote, interference with work functions, threats of termination, interference with job duties, pressure to make untrue statements, false and pretextual evaluation and discipline; exclusion from the workplace; and constructive discharge/termination.

(Id. ¶¶ 9–10.) Defendants removed this case on February 5, 2018. ("Notice," Dkt. No. 5.)

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

If an amount in controversy is not stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). A

defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." Id. at 553. If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198.

### III.  DISCUSSION

Plaintiff makes two arguments in his Motion. First, Plaintiff argues Defendants' removal was untimely. (Motion at 4.) Second, Plaintiff argues Defendants failed to meet their evidentiary burden regarding the amount-in-controversy. (Id. at 6.) The Court will review each argument in turn.

**A. Timeliness**

Plaintiff notes Defendants failed to remove this case within 30 days of being served with the FAC. (Id. at 4–5.) "The [removal] statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005) (internal quotations omitted) (citing 28 U.S.C. § 1446(b)). The time for removal begins to run once the defendant is able to intelligently ascertain the case exceeds the jurisdictional minimum. See Jones v. CLP Resources, Inc., 2016 WL 8950063, *5 (C.D. Cal. 2016). Plaintiff contends that the Complaint sufficiently put Defendants on notice that the case was removable, such that the 30-day period started running when the Complaint was served. (Motion at 5.)

Defendants argue the Complaint was indeterminate with respect to removability, and they only ascertained it was removable after deposing Plaintiff on January 12, 2018. (Opposition at 15.) A plaintiff's response to deposition questions can serve to place defendants on notice that the action is removable. See Carvalho v. Equifax Information Servs., LLC, 629 F.3d 876, 887 (9th Cir. 2010.) Defendants argue the Complaint was so ambiguous that it did not even allege whether Plaintiff had been "discharged or had resigned." (Opposition at 14.) Defendants state they first learned at Plaintiff's deposition that he had been discharged and that he was allegedly subjected to derogatory racial remarks. (Id. at 15.)

Although not cited by Defendants, a recent Ninth Circuit case supports their position. In Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786 (9th Cir. 2018), the Ninth Circuit recently reaffirmed that defendants are not charged with notice of removability until they receive a document which provides them sufficient information to remove. See id. at 791. Additionally,

"a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability." Id. (quoting Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013)). "Accordingly, even if a defendant could have discovered ground for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." Id. (quoting Roth, 720 F.3d at 1125). This reasoning appears to also apply when the "FAC is indeterminate as to the amount in controversy." Id. at 790. In Roth, the Ninth Circuit considered whether this rule might lead to gamesmanship by defendants, and stated that "plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained." Roth, 720 F.3d at 1126. Because Kenny appears to extend this rationale from questions of diversity to questions of amount-in-controversy, Defendants have not run afoul of their 30-day window. Accordingly, the Court rejects Plaintiff's timeliness argument.

## B. Amount-in-Controversy

### 1. Lost Wages

Defendants have submitted evidence demonstrating this claim is worth $22,272. They determined this amount by performing this calculation: 64 (weeks of work) x $12 (salary per hour) x 29 (hours worked per week). (Notice ¶ 24 (citing "Woods Deposition," Dkt. No. 1-7).) Plaintiff appears to accept the accuracy of this determination. (Motion at 6–7.) Thus, the Court finds Defendants have met their evidentiary burden and sufficiently established that this claim places $22,272 in controversy.

### 2. Emotional Distress Damages and Punitive Damages

Plaintiff requests unspecified compensatory and general damages. (Complaint at 7–8.) Defendants believe these damages will include emotional distress damages and present cases they believe are factually analogues in order to approximate the appropriate amount-in-controversy. (Notice ¶¶ 24–33; Opposition at 4–5.) Plaintiff does not deny that he will seek these damages, but argues instead Defendants fail to sufficiently explain how their chosen cases are analogous. (Motion at 7.) The Court should consider emotional distress damages when calculating the amount in controversy. See Simmons, 209 F. Supp 2d at 1034. Defendants argue the emotional distress and punitive damages in controversy, standing alone, surpass the $75,000 jurisdictional threshold. (Opposition at 5.) When the amount the plaintiff seeks is unspecific, the defendant may cite to jury verdicts in analogous cases. See Cain v. Hartford Life & Acc. Ins. Co., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); Soto, WL 3071267, at *8–9.

Plaintiff also seeks an unspecified amount in punitive damages. (Complaint ¶¶ 16, 23, 28, 33, 38.) Punitive damages are a part of the amount in controversy calculation. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). To establish punitive damages, the defendant

may set forth amounts awarded in analogous cases.  Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

Here, the Court finds Defendants have sufficiently presented factually analogous cases, and rejects Plaintiff's threadbare assertion that they have not.  In this action, the Plaintiff was allegedly subjected to racial epitaphs, such as "porch monkey," from his employer. (Woods Deposition at 60:16–61:6.)  Additionally, Plaintiff claims a manager for Hertz once stated, in reference to the riots in Ferguson, Missouri, "They should be shooting those people.  The police should be shooting those people." (Id. at 85:22–86:14.)[1]  To calculate appropriate emotional distress and punitive damages, Defendants cite to a litany of cases involving episodes of employment based racial harassment and racial discrimination. (Opposition at 6–10).  These cases demonstrate that emotional distress and punitive damages for cases of racial harassment can easily range in hundreds of thousands, if not millions of dollars. (Id.)  Defendants sufficiently establish their cited cases are analogous, while Plaintiff does little else than make the bald assertion that these cases are insufficient.  Accordingly, based on emotional distress and punitive damages alone, the Court finds Defendants have easily met their evidentiary burden regarding the amount in controversy in this case.

### 3. Attorneys' Fees

This Court takes the position that when calculating attorneys' fees to establish jurisdiction, "the only fees that can be considered are those incurred as of the date of removal." See Faulkner v. Astro-Med, Inc., 1999 U.S. Dist. WL 820198, *9 (N.D. Cal. Oct. 4, 1999) (citing Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993)); see also Conrad, 994 F. Supp. at 1200; Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020–21 (D. Or. 2012).

Here, while Defendants provide evidence of Plaintiff's Counsel's hourly rate, they have provided only estimations of how much Plaintiff's Counsel has worked on this case. (Opposition at 11.)  These estimates, without evidence, are insufficient to establish an amount in controversy.  However, these estimates are also unnecessary, as Plaintiff's lost wages claim, in conjunction with his request for emotional distress and punitive damages, easily establish the amount in controversy.

### IV.  CONCLUSION

Having found Defendants removal of this case timely, and that the amount in controversy likely exceeds $75,000, the Court DENIES Plaintiff's Motion to Remand and VACATES the hearing set for March 19, 2018.

**IT IS SO ORDERED.**

---

[1] Defendants cite to other examples of racial harassment which Plaintiff allegedly faced.  However, these cited page numbers of Plaintiff's deposition were not included in the excerpted deposition filed with the Court.